UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | |
|---|---|
| LOUISIANA TECH UNIVERSITY FOUNDATION, INC. | CIVIL ACTION NO. 21-3539 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| BEL-MAC ROOFING, INC. | MAGISTRATE JUDGE MCCLUSKY |

**MEMORANDUM RULING**

Before the Court is Defendant Bel-Mac Roofing, Inc.'s ("Bel-Mac" or "Defendant") Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(2) and 12(b)(3), or in the alternative, to transfer venue pursuant to 28 U.S.C. § 1404(a). See Record Document 16. Plaintiff Louisiana Tech University Foundation, Inc. ("LTF" or "Plaintiff") opposes the motion. See Record Document 20. For the reasons set forth below, the motion is hereby **GRANTED IN PART AND DENIED IN PART**. Additionally, LTF's request to conduct limited jurisdictional discovery is **GRANTED**.

**FACTUAL & PROCEDURAL BACKGROUND**

LTF is a 501(c)(3) non-profit organization incorporated under the laws of Louisiana and has its principal place of business in Ruston, Louisiana. See Record Document 1. Bel-Mac is a commercial and residential roofing company incorporated under the laws of Florida with its principal place of business in Florida. See Record Document 16-2. Though Bel-Mac is licensed to do business in Louisiana and has a registered agent in the state, Bel-Mac has not conducted business in Louisiana since 2001. See Record Document 16-3.

Plaintiff filed suit in this Court seeking injunctive and monetary relief for Bel-Mac's alleged unauthorized use of the trademarked and copyrighted "Tech Bulldog Mark."

Record Document 1 at ¶ 1. The complaint includes claims for intentional infringement of LTF's copyright, infringement of LTF's federal-registered trademark, and related claims of unfair trade practices, trademark infringement, trademark dilution, and continuing torts under the Lanham Act and laws of the State of Louisiana. See id.

## LAW AND ANALYSIS

### I. Legal Standards

#### a. Federal Rule of Civil Procedure 12(b)(2)

A motion pursuant to Federal Rule of Civil Procedure 12(b)(2) allows a party to move to dismiss a claim for lack of personal jurisdiction. "Where a defendant challenges personal jurisdiction, the party seeking to invoke the power of the court bears the burden of proving that jurisdiction exists." Luv N' Care, Ltd. v. Insta-Mix, Inc., 438 F.3d 465, 469 (5th Cir. 2006) (citations omitted). At this stage in the litigation, the plaintiff need only make a *prima facie* case for personal jurisdiction. See Walk Haydel & Assoc., Inc. v. Coastal Power Prod. Co., 517 F.3d 235, 241 (5th Cir. 2008).

In consideration of the motion, the court may consider: "affidavits, interrogatories, depositions, oral testimony, or any combination of the recognized methods of discovery." Stuart v. Spademan, 772 F.2d 1185, 1192 (5th Cir. 1985). However, the court "should not act as a factfinder and must construe all disputed facts in the plaintiff's favor." Walk Haydel & Assoc., Inc., 517 F.3d at 241. Further, "conflicts between the facts contained in the parties' affidavits must be resolved in the plaintiff's favor for purposes of determining whether a *prima facie* case for personal jurisdiction exists." Bullion v. Gillespie, 895 F.2d 213, 217 (5th Cir. 1990) (internal citations omitted).

"In the course of making necessary findings of jurisdictional fact, the Court has broad discretion to permit a party to conduct jurisdictional discovery." Next Technologies, Inc. v. ThermoGenisis, LLC, 121 F. Supp. 3d 671, 676 (W.D. Tex. 2015) (citing Wyatt v. Kaplan, 686 F.2d 276, 283 (5th Cir. 1982)). Discovery on matters of personal jurisdiction need only be permitted when the motion to dismiss raises issues of fact, and jurisdictional discovery should not be permitted if it would serve no purpose. See Kelly v. Syria Shell Petroleum Dev. B.V., 213 F.3d 841, 855 (5th Cir. 2000); see also Wyatt v. Kaplan, 686 F.2d at 284. "To obtain jurisdictional discovery, a plaintiff must 'specify what facts it believes discovery would uncover and how those facts would support jurisdiction.'" Libersat v. Sundance Energy, Inc., 437 F. Supp. 3d 557 (W.D. La. 2020) (quoting Evergreen Media Holdings, LLC v. Safran Co., 68 F. Supp. 3d 664, 672 (S.D. Tex. 2014)).

### b. Personal Jurisdiction

"A federal court may exercise personal jurisdiction over a nonresident defendant if (1) the forum state's long-arm statute confers personal jurisdiction over that defendant; and (2) the exercise of personal jurisdiction comports with the Due Process Clause of the Fourteenth Amendment." McFadin v. Gerber, 587 F.3d 753, 759 (5th Cir. 2009). The Louisiana long-arm statute authorizes personal jurisdiction to the limits of constitutional due process. See La. Rev. Stat. § 13:3201(b); see also A & L Energy, Inc. v. Pegasus Grp., 200-3255, p. 4 (La. 6/29/01); 791 So.2d 1266, 1270. Thus, the Court need only consider whether the exercise of personal jurisdiction over Defendants comports with the Due Process Clause.

To satisfy the requirements of due process the plaintiff must show: (1) the defendant has purposefully availed itself of the benefits and protections of the forum state

by establishing "minimum contacts" with that state; and (2) the exercise of personal jurisdiction does not offend "traditional notions of fair play and substantial justice." McFadin, 587 F.3d at 759 (internal citations omitted). The "minimum contacts" prong can be further subdivided into general or specific personal jurisdiction. Choice Healthcare, Inc. v. Kaiser Found. Health Plan of Colorado, 615 F.3d 364, 368 (5th Cir. 2010).

General jurisdiction exists where the defendant's "affiliations with the State are so 'continuous and systematic' as to render them essentially at home in the forum state." Goodyear Dunlop Tires Operations, S.A. v. Brown, 564 U.S. 915, 919, 131 S.Ct. 2846, 2851 (2011). General jurisdiction is extremely difficult to establish and requires proof of "extensive contacts between a defendant and a forum." Johnson v. Multidata Sys. Intern. Corp., 523 F.3d 602, 609 (5th Cir. 2008). The paradigm forums where a corporate defendant is considered "at home" are the corporation's state of incorporation and its principal place of business. Daimler AG v. Bauman, 571 U.S. 117, 137, 134 S.Ct. 746, 760 (2014).

Specific jurisdiction, on the other hand, can be established when the defendant's contacts are less extensive. Specific jurisdiction can exist over a nonresident defendant "whose contacts with the forum state are singular or sporadic *if* the cause of action asserted arises out of or is related to those contacts." Int'l Energy Ventures Mgmt., LLC, United Energy Grp., Ltd., 818 F.3d 193, 212 (5th Cir. 2016) (emphasis in original). This inquiry "focuses on the relationship among the defendant, the forum, and the litigation." Walden v. Fiore, 571 U.S. 277, 284, 134 S.Ct. 1115, 1121 (2014).

Even if minimum contacts exist, the exercise of personal jurisdiction over a non-resident defendant must not offend "traditional notions of fair play and substantial justice."

Int'l Shoe Co. v. State of Washington, 326 U.S. 310, 316, 66 S.Ct. 154, 158 (1945). To determine this fundamental fairness issue, courts must consider: "(1) the defendant's burden; (2) the forum state's interests; (3) the plaintiff's interest in convenient and effective relief; (4) the judicial system's interest in efficient resolution of controversies; and (5) the state's shared interest in furthering fundamental social policies." Ruston Gas Turbines, Inc. v. Donaldson Co., Inc., 9 F.3d 415, 421 (5th Cir. 1993).

## II. Analysis

### a. General Personal Jurisdiction

The Court rejects the notion that Bel-Mac may be subject to general personal jurisdiction in Louisiana. The uncontradicted evidence submitted by Bel-Mac in conjunction with its motion precludes a finding of general personal jurisdiction. Plaintiffs presented no evidence demonstrating Bel-Mac's ties with Louisiana are substantial, continual, or systematic, such that Bel-Mac would be considered "at home" in this forum. See Goodyear Dunlop Tires Operations, S.A., 564 U.S. at 919. Bel-Mac's place of incorporation and principal place of business are one and the same: Florida. See Record Document 16-2 at 7-8. In addition, LTF made no attempt to argue that special circumstances exist here to warrant the exercise of general jurisdiction. As such, this Court declines to exercise general personal jurisdiction over Bel-Mac. Accordingly, Bel-Mac's motion to dismiss for lack of personal jurisdiction is **GRANTED** as to the exercise of general personal jurisdiction.

### b. Specific Personal Jurisdiction

Bel-Mac argues it should not be subject to specific personal jurisdiction here because it lacks sufficient minimum contacts with Louisiana. See Record Document 16-

5

2 at 4. Specifically, Bel-Mac argues that it has not purposefully directed any activities at the forum such that it would be reasonable to hale Bel-Mac into court in Louisiana. See id. Bel-Mac asserts it does not target Louisiana through advertising, does not advertise on Louisiana billboards, has not performed any work in Louisiana since 2001, does not drive vehicles in Louisiana, and does not sell branded goods in Louisiana. See id. at 6. Since Bel-Mac asserts that the exercise of personal jurisdiction fails on the first element—purposeful availment—it asserts no arguments relating to whether the suit arises out of Bel-Mac's contacts with the forum or whether the exercise of personal jurisdiction would be fair and reasonable. See id.

LTF counters this argument by asserting that Bel-Mac targeted the forum by directing intentionally tortious activity to the forum. See Record Document 20 at 11. LTF asserts that Bel-Mac copied, transmitted, and publicly displayed the copyrighted and trademarked logo on advertisements and products both directed at Louisiana and throughout the Southeast, which caused harm in the forum. See id. at 12. Further, LTF argues that since copyright infringement sounds in tort (citing Realsongs v. Gulf Broadcasting Corp., 824 F. Supp. 89, 91 (M.D. La. 1993)), the Court should apply the Calder Effects Test, and thus the Court should find Bel-Mac has sufficient minimum contacts with the forum. See Record Document 20 at 11-12. Alternatively, LTF requests this Court allow limited jurisdictional discovery to determine whether Bel-Mac initiated contacts with Louisiana. See id. at 18.

In its request for jurisdictional discovery, LTF cited facts such as whether Bel-Mac has entered into contracts with Louisiana companies or contractors; directed advertisements at Louisiana that are not readily available to LTF; and information on the

6

creation of the alleged infringing logo to determine how the logo was accessed. See id. If allowed to conduct limited discovery, such facts would determine whether Bel-Mac has minimum contacts with the forum such that the exercise of specific personal jurisdiction would be proper. The Court, exercising its broad discretion on the matter, finds that LTF has satisfactorily specified what facts it believes discovery would uncover and how those facts would support specific personal jurisdiction.

In Next Technologies, Inc. v. ThermoGenisis, LLC, a case similar to the case before the Court, the district court determined limited jurisdictional discovery was warranted to determine whether the court could exercise personal jurisdiction over the defendants. 121 F. Supp. at 676. The plaintiff filed suit alleging false advertising claims under the Lanham Act, copyright infringement, and various state law claims including, *inter alia*, defamatory statements posted on the defendants' website. Id. at 674. The court determined that the plaintiff's allegations in the complaint established "purposeful conduct directed at soliciting business from [the forum]" such that jurisdictional discovery was warranted. Id. at 677. The court rejected the argument that the defendants' website was merely passive and accessible from anywhere, instead finding the website to be "interactive" on the sliding scale test as articulated in Zippo Manufacturing Co. v. Zippo Dot Com, Inc., 952 F. Supp. 1119 (W.D. Pa. 1997), and adopted by the Fifth Circuit in Mink v. AAAA Dev. LLC, 190 F.3d 333, 336 (5th Cir. 1999). Next Technologies, Inc., 121 F. Supp. at 676 and 677. The court also noted that the factual allegations suggest the website has the type of interactive contacts that would support specific personal jurisdiction if sufficient evidence exists that the interactions were directed at the forum. See id. at 677.

Similar to the plaintiff in Next Technologies, Inc., LTF has raised issues as to whether Bel-Mac targeted the forum through its online activities. In support of its argument, LTF cited Bel-Mac's website, which mentions Louisiana; an Instagram post; and the fact that Bel-Mac is licensed to conduct business in Louisiana and maintains an office in the state. See Record Document 20 at 7, 9. Bel-Mac disputed these facts in a declaration from the company's Owner and President, William Bell. See Record Document 16-3 at 1. This declaration, combined with the complaint and LTF's Memorandum in Opposition to Bel-Mac's Motion to Dismiss, reveal issues of fact related to Bel-Mac's minimum contacts with this forum and whether Bel-Mac has purposefully availed itself of the privileges of conducting business in Louisiana. These factual allegations support limited jurisdictional discovery to show to what extent Bel-Mac's online activities are "directed" at the forum state.

The Court will exercise its broad discretion here to allow limited jurisdictional discovery because the motion to dismiss raises issues of fact. LTF has specified what facts it believes discovery would uncover and how those facts would support the exercise of personal jurisdiction. However, discovery shall be limited to Bel-Mac's specific contacts with the forum and whether Bel-Mac targeted the forum through advertisements or other online activity. In addition, discovery may relate to the interactivity of Bel-Mac's website and other interactions with the forum online. Accordingly, Bel-Mac's motion to dismiss for lack personal jurisdiction, as it relates to the exercise of specific personal jurisdiction, is **DENIED WITHOUT PREJUDICE** such that LTF may conduct limited jurisdictional discovery.

### c. Motion to Transfer Venue

Bel-Mac urges this Court to transfer the case to the Northern District of Florida if the Court finds that venue is proper here. <u>See</u> Record Document 16 at 10. The parties do not dispute that for copyright cases venue is proper under 28 U.S.C. § 1400(a) in any district in which Bel-Mac is subject to personal jurisdiction. The Court has not made a finding as to whether Bel-Mac is subject to specific personal jurisdiction in Louisiana. Accordingly, this motion is premature and is **DENIED WITHOUT PREJUDICE**.

### CONCLUSION

Based on the foregoing reasons, Bel-Mac's Motion to Dismiss, or in the alternative, to Transfer Venue (Record Document 16) is **GRANTED IN PART AND DENIED IN PART**. The motion is **GRANTED** as to the exercise of general personal jurisdiction. The motion is **DENIED WITHOUT PREJUDICE** as to the exercise of specific personal jurisdiction and transfer of venue. Bel-Mac may re-urge its arguments after the parties have conducted limited jurisdictional discovery as to the exercise of specific personal jurisdiction.

An order consistent with the terms of the instant Memorandum Ruling shall issue herewith.

**THUS DONE AND SIGNED**, in Shreveport, Louisiana, this the 15th day of September, 2022.

_/s/ Maurice Hicks/_
S. MAURICE HICKS, JR., CHIEF JUDGE
UNITED STATES DISTRICT COURT